**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-12-CV-80694-SEITZ/SIMONTON**

FLORIDA ATLANTIC UNIVERSITY
RESEARCH CORPORATION and
DOMAINE ASSOCIATES, LLC,

Plaintiffs,

v.

ACER INC. and ACER AMERICA
CORPORATION

Defendants. JURY TRIAL DEMANDED
_______________________________________/

**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

HUNTON & WILLIAMS LLP
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
Telephone: (305) 810-2500
Facsimile: (305) 810-2460
*Attorneys for Plaintiffs*

.

**AMENDED COMPLAINT**

Plaintiffs, Florida Atlantic University Research Corporation ("FAURC") and Domaine Associates, LLC ("Domaine") (collectively, the "Plaintiffs"), hereby complain and allege against Defendants Acer Inc. and Acer America Corporation (collectively "Acer" or "Defendants") as follows:

## I. NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to obtain damages resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, subsystems, components, and/or systems that infringe one or more claims of United States Patent No. 5,349,385, titled "Adaptive Scan Converter," which lists as the sole inventor Dr. William E. Glenn and issued on September 20, 1994, a true and correct copy of which is attached hereto as Exhibit 1 (the "'385 Patent").

2. This is also an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to obtain damages and injunctive relief resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, subsystems, components, systems, and/or services that infringe one or more claims of United States Patent No. 6,208,382, titled "Color Video Processing System and Method," which list as the sole inventor Dr. William E. Glenn and issued on March 27, 2001, a true and correct copy of which is attached hereto as Exhibit 2 (the "'382 Patent") (the '385 Patent and the '382 Patent collectively, the "Glenn Patents").

3. This action for patent infringement involves Defendants' manufacture, use, sale, offer for sale, and/or importation into the United States of infringing products, subsystems,

components and systems that operate using video scaling and scan converting technologies and products, methods, processes, subsystems, components, systems, and/or services that use video sharpening or enhancing technologies.

## II. THE PARTIES

4. Plaintiff FAURC is a non-stock, non-profit, direct support organization organized and existing under the laws of the State of Florida, with its principal place of business located at 777 Glades Road, Boca Raton, FL 33431, in the judicial district of the Southern District of Florida ("the Southern District of Florida").

5. Plaintiff Domaine is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 8130 Boone Blvd., Vienna, VA 22182.

6. Defendant Acer Inc. is a Taiwanese corporation having its principal place of business at 8F, No. 88, Section 1, Hsin Tai Wu Road, Hsichih, 221, Taipei Hsien, Taiwan. Acer Inc. is a foreign corporation that conducts business in Florida and does not have a resident agent or officer in the State of Florida. It has therefore accepted the Florida Secretary of State as its substituted agent for service of process as provided by Section 48.181, Florida Statutes. Upon information and belief, Acer Inc. regularly conducts, engages in, or carries on a business in the State of Florida. Acer Inc. makes, uses, sells, offers for sale and/or imports in Florida certain products, methods, processes, subsystems, components, systems, and/or services that infringe one or more of the claims of the Glenn Patents, and directly and indirectly controls the operations of its subsidiary, Defendant Acer America Corporation.

7. Defendant Acer America Corporation is a private company incorporated in California with its principal place of business at 333 West San Carlos Street, Suite 1500, San

Jose, CA 95110. Upon information and belief, Acer America Corporation, a subsidiary of Defendant Acer Inc., regularly conducts business in the State of Florida and has established an agent for service of process within the State at CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324. Acer America Corporation makes, uses, sells, offers for sale and/or imports in Florida certain products, methods, processes, subsystems, components, systems, and/or services that infringe one or more of the claims of the Glenn Patents.

## III. JURISDICTION AND VENUE

8. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

9. Defendants are subject to personal jurisdiction in the State of Florida because they regularly transact business in this judicial district and division by, among other things, offering their products, methods, processes, subsystems, components, systems, and/or services to customers, through their website, www.acer.com, and through numerous retailers such as Best Buy and CompUSA stores at their locations in the State of Florida and through their web sites that are accessed in this judicial district and division. In addition, the Defendants have committed acts of infringement of one or more of the claims of the Glenn Patents in this judicial district and division. Based at least on the foregoing, the present cause of action arises out of Defendants' transactions and operations connected with or incidental to its business in the State of Florida.

10. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendants are subject to personal jurisdiction in this district, and have committed acts of infringement in this district.

## IV. FACTUAL ALLEGATIONS

### FAURC AND DOMAINE BACKGROUND

11. Plaintiff FAURC is a not-for-profit, direct support organization for Florida Atlantic University ("FAU") that assists faculty, staff and students at FAU with research support, particularly in connection with patentable inventions. FAURC works with external sponsors to arrange royalty-generating licenses for the licensed use of FAURC and FAU intellectual property (*e.g*. patents and copyrights) resulting from FAU research.

12. Founded in 1961, FAU is a large public research university of the State of Florida enrolling approximately 29,000 students in seven campuses located through the southeast Florida coast. FAU offers more than 170 degree programs at the bachelor's, masters, and doctoral level.

13. FAU is classified by The Carnegie Foundation for the Advancement of Teaching as a research university with high research activity. FAU has established notable partnerships with major research institutions such as The Scripps Research Institute, the Torrey Pines Institute for Molecular Studies, and the Max Planck Society.

14. FAU operates two research and development facilities, one in Deerfield Beach and one in Boca Raton that provide outside research facilities for companies, which enable them to interact with the university community and its facilities, faculty, students, resources, and expertise. Located at the research and development facility on the Boca Raton campus is a Technology Business Incubator that fosters the start-up and growth of technology-based businesses associated with FAU.

15. FAURC is the assignee and sole owner of all right, title and interest in and to the Glenn Patents.

16. Domaine is the exclusive licensee of the Glenn Patents.

**Dr. Glenn and the Glenn Patents**

17. The inventor of the 'Glenn Patents is Dr. William E. Glenn ("Dr. Glenn"), Distinguished Professor at FAU's College of Engineering and recipient of FAU's Motorola Professor Chair. Dr. Glenn has a bachelors degree from the Georgia Institute of Technology and masters and doctoral degrees from the University of California, Berkeley, all in electrical engineering.

18. Dr. Glenn is an inventor on more than 130 issued U.S. patents, many of which have been implemented in commercial products.

19. Dr. Glenn has received numerous honors and awards, including a television EMMY® in 1978 from the National Academy of Television Arts and Sciences for his digital noise reducer. Other honors and awards include:

- Fellow of the Society of Motion Picture and Television Engineers ("SMPTE")
- IR 100 Award for General Electric's ("GE") Talaria projector[1]
- IR 100 Award for Electronic Video Recording (with Peter Goldmark)
- Georgia Institute of Technology - *Most Outstanding Alumnus*, 1960
- Society of Photographic Scientists and Engineers ("SPSE") - Kosar Memorial Award for Unconventional Photography, 1974[2]
- SMPTE - Journal Award for Outstanding Paper on Television, 1987
- International Conference of Consumer Electronics ("ICCE") - Most Outstanding Paper Award, 1988
- SMPTE - David Sarnoff Gold Medal, 1989
- Society for Information Display - Karl Ferdinand Braun Prize, 1993
- American Electronics Association - 50th Anniversary Recognition Award, 1993

---

[1] The R&D 100 Awards, established in 1963 were originally known as the I-R 100s, in keeping with the original name of the magazine, *Industrial Research*. The winners were picked by a panel of outside judges selected by the publisher and editor. Over the years, the R&D 100 Awards have recognized winning products with such household names as Polacolor film (1963), the flashcube (1965), the automated teller machine (1973), the halogen lamp (1974), the fax machine (1975), the liquid crystal display (1980), the printer (1986), the Kodak Photo CD (1991), the Nicoderm antismoking patch (1992), Taxol anticancer drug (1993), lab on a chip (1996), and HDTV (1998).

[2] SPSE is a former name for the Society for Imaging Science and Technology ("IS&T").

- Society for Information Display - Fellow Award, 1998.

20.     Dr. Glenn has authored or co-authored more than 100 technical papers in the area of imaging technology and served on many professional societies and organizations.

21.     The '385 Patent was duly issued on September 20, 1994, from a patent application filed in the United States Patent and Trademark Office on August 6, 1992.

22.     The '382 Patent was duly issued on March 27, 2001, from a patent application filed in the United States Patent and Trademark Office on September 14, 1998, that claims priority to two provisional applications filed on July 29, 1998.

## V.   CLAIMS

### COUNT I

### INFRINGEMENT OF THE '385 PATENT

23.     Plaintiffs incorporate by reference their allegations in Paragraphs 1-22 as if fully restated in this paragraph.

24.     Plaintiff FAURC is the owner by assignment of all right, title and interest to the '385 Patent. Plaintiff Domaine is the exclusive licensee of the '385 Patent. Plaintiffs have the legal right to enforce the '385 Patent, sue for infringement, recover damages for infringement of the '385 Patent, and seek other equitable relief and damages.

25.     Defendants have been infringing and continue to infringe one or more of the claims of the '385 Patent through at least the acts of making, having made, using, selling, offering for sale and/or importing infringing products, subsystems, components and systems. Defendants' infringing products, subsystems, components and systems include, without limitation, the AL1923, G195HQ, G185H, G185HV, and B243HL computer monitors, other Acer products which include or are bundled with the aforementioned products, and other Acer

products that include the ability to scale or convert video in the manner claimed by the '385 Patent.

26. Plaintiffs are entitled to recover damages adequate to compensate for the infringement of the '385 Patent by the Defendants.

**COUNT II**

**INFRINGEMENT OF THE '382 PATENT**

27. Plaintiffs incorporate by reference their allegations in Paragraphs 1-22 as if fully restated in this paragraph.

28. Plaintiff FAURC is the owner by assignment of all right, title and interest to the '382 Patent. Plaintiff Domaine is the exclusive licensee of the '382 Patent. Plaintiffs have the legal right to enforce the '382 Patent, sue for infringement, recover damages for infringement of the '382 Patent, and seek other equitable relief and damages.

29. Upon information and belief, Defendants have been infringing and continue to infringe one or more of the claims of the '382 Patent through at least the acts of making, having made, using, selling, offering for sale and/or importing infringing products, methods, processes, subsystems, components, systems, and services. Defendants' infringing products, methods, processes, subsystems, components, systems, and services include, without limitation, the H274HL and S231HL monitors, other Acer products that include or are bundled with the aforementioned products, and other Acer products that include the ability to sharpen, enhance or otherwise process video in the manner claimed by the '382 Patent.

30. Plaintiffs are entitled to recover damages adequate to compensate for the infringement of the '382 Patent by the Defendants and to enjoin the Defendants from infringing the '382 Patent.

## VI.     JURY DEMAND

Plaintiffs FAURC and Domaine demand a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VII.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs FAURC and Domaine pray for judgment against each of the Defendants, granting FAURC and Domaine the following relief:

A.     That this Court adjudge and decree that the Defendants have infringed the Glenn Patents as alleged above;

B.     That this Court permanently enjoin the Defendants, their affiliates, agents, servants, employees, representatives, successors and assigns, and all others in active concert or participation with them, from infringing the Glenn Patents;

C.     That this Court order an accounting to determine the damages to be awarded to FAURC and Domaine as a result of Defendants' infringement of the Glenn Patents;

D.     That this Court order an award to FAURC and Domaine of such damages as it shall prove at trial against Defendants that are adequate to compensate FAURC and Domaine for Defendants' infringement of the Glenn Patents, said damages to be no less than a reasonable royalty together with interest and costs;

E.     That this Court assess pre-judgment and post-judgment interest and costs against Defendants, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284; and

F.     That this Court grant such other and further relief as the Court may deem proper and just.

Dated: August 9, 2012                    Respectfully submitted,

                                                By: /s/Laurie Uustal Mathews
     Laurie Uustal Mathews (FBN 120618)
     HUNTON & WILLIAMS LLP
     1111 Brickell Avenue, Suite 2500
     Miami, Florida 33131
     Telephone: (305) 810-2500
     Facsimile: (305) 810-2460

     Gregory N. Stillman (admitted *pro hac vice*)
     HUNTON & WILLIAMS LLP
     500 East Main Street, Ste. 1000
     Norfolk, VA 23510
     Telephone: (757) 640-5314
     Facsimile: (757) 625-7720

     Michael A. O'Shea (admitted *pro hac vice*)
     Leonard C. Suchyta (admitted *pro hac vice*)
     Ozzie A. Farres (FBN 149020)
     HUNTON & WILLIAMS LLP
     2200 Pennsylvania Avenue, N.W.
     Washington, D.C. 20037
     Telephone: (202) 955-1500
     Facsimile: (202) 778-2201

     *Attorneys for Plaintiffs Florida Atlantic University Research Corporation and Domaine, LLC*